UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STMB PROPERTIES, LLC | CIVIL ACTION |
| VERSUS | No. 22-2229 |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ET AL. | SECTION I |

## ORDER AND REASONS

Before this Court is a motion[1] filed by the defendants, Independent Specialty Insurance Company and Certain Underwriters at Lloyd's and other Insurers Subscribing to Binding Authority Number B604510568622021's (collectively, "defendants"), to either (1) compel arbitration and dismiss the plaintiff, STMB Properties, LLC's ("plaintiff"), claims against defendants in the above-captioned case, or, in the alternate, (2) to stay the above-captioned case pending arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), incorporated into Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.*[2]

---

[1] R. Doc. No. 5.
[2] "Chapter 1 applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States." 9 U.S.C. § 208.

## I.   LAW AND ANALYSIS

### A.   Stay Pending Arbitration

Both parties agree[3] that this case must be stayed, and this Court concurs. Pursuant to 9 U.S.C. § 3, which states that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." As the delegation clause of the insurance contract at issue in this case states that "[a]ll matters in dispute between [the plaintiff and defendants] in relation to this insurance, including this policy's formation and validity . . . shall be referred to an Arbitration Tribunal[,]"[4] this dispute is properly referred to the Arbitration Tribunal and accordingly must be stayed pending a final decision by the Arbitration Tribunal.

### B.   Penalties and Fees Pursuant to Louisiana State Law

The only remaining issue in dispute is whether the Arbitration Tribunal may issue a decision regarding plaintiff's claims for penalties and attorney's fees pursuant to La. Stat. Ann. § 22:1892 and La. Stat. Ann. § 22:1973. Plaintiff acknowledges that, per Fifth Circuit precedent, "reverse presumption[5]" pursuant to the McCarran–

---

[3] R. Doc. No. 5-1, at 4–13; R. Doc. No. 12, at 7.
[4] R. Doc. No. 1-2, at 38.
[5] "The McCarran–Ferguson Act, passed by Congress in 1945, protects state laws regulating the insurance industry from the preemptive effect of federal law . . . . To shield state regulation from unintended federal interference, the Act provides that '[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance.' . . . In

Ferguson Act, 15 U.S.C. §§ 1011–1015, does not apply to treaties such as the Convention.[6] However, plaintiff asserts that the express language of the arbitration clause in the insurance contract at issue here, which states that "[t]he Arbitration Tribunal may not award exemplary, punitive, multiple, or other damages of a similar nature[,]"[7] puts the question of whether defendant owes the plaintiff statutory penalties and attorney's fees—and, if so, how much is owed—beyond the authority of the Arbitration Tribunal.[8]

Defendant argues that, given the broad language of the delegation clause of the insurance contract at issue here, "all contractual and statutory disputes, including bad faith claims[,]"[9] should be referred to the Arbitration Tribunal. As noted previously, the delegation clause reads as follows:

> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.[10]

---

other words, the McCarran–Ferguson Act permits states to reverse-preempt an otherwise applicable 'Act of Congress' by enacting their own regulations of the insurance industry." *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431 (5th Cir. 2019), *as revised* (June 6, 2019).

[6] *See Safety Nat. Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714, 717 (5th Cir. 2009) (holding that, as treaties such as the Convention are not "Act[s] of Congress," reverse presumption does not apply and therefore an arbitration clause in an insurance contract is enforceable).
[7] R. Doc. No. 1-2, at 39.
[8] R. Doc. No. 12, at 5–6.
[9] *Id.*
[10] R. Doc No. 1-2, at 38.

Considering Fifth Circuit caselaw, this Court agrees with the defendant that the delegation clause's broad language weighs in favor of referring the question of whether statutory penalties and fees are arbitrable to the Arbitration Tribunal. In *Kubala v. Supreme Product Services*, 830 F.3d 199 (5th Cir. 2016), the Fifth Circuit held that "[d]elegation clauses are enforceable and transfer the court's power to decide arbitrability questions to the arbitrator. Thus, a valid delegation clause requires the court to refer a claim to arbitration to allow the arbitrator to decide gateway arbitrability issues." *Id.* at 202 (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)). The issue raised by the plaintiff is whether the Arbitration Tribunal has the authority to issue a decision with respect to whether penalties and fees are warranted pursuant to Louisiana law—certainly a "gateway" issue of arbitrability.

*Figear, LLC v. Velocity Risk Underwriters Claims*, No. 22-01094, 2022 WL 2812980 (E.D. La. July 18, 2022) (Fallon, J.), is instructive. In *Figear*, another section of this Court analyzed a nearly identical arbitration clause.[11] As in the instant case, the plaintiffs in *Figear* asserted that "bad faith claims [were] excluded from [the] arbitration clause . . . ." *Id.* at *1. The plaintiffs in *Figear* advanced two arguments to support this claim. Both arguments are discussed in turn below.

---

[11] "All matters in dispute between you and us (referred to in this policy as 'the parties') in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below . . . . The Arbitration Tribunal may not award exemplary, punitive, multiple, or other damages of a similar nature." *Figear*, 2022 WL 2812980, at *1.

4

First, the *Figear* plaintiffs argued that the Arbitration Clause's statement that "[t]he Arbitration Tribunal may not award exemplary, punitive, multiple, or other damages of a similar nature" meant the defendants had "waived their right to enforce arbitration with regard to a claim, like Plaintiffs' bad faith claim, that could lead to an award of punitive damages." *Id.* at *3–4. The *Figear* plaintiffs asserted that the language of the arbitration clause acted as an implicit waiver of the defendants' "rights to remove claims resulting in those kinds of damages to arbitration." *Id.* at 4.

Second, the *Figear* plaintiffs argued that their bad faith claim did not implicate the arbitration clause because "[i]t is well settled in Louisiana that a bad-faith failure-to-settle claim arises not from the contract of insurance itself but rather from an insurer's violation of its statutory duties." *Id.* (internal citations and quotations omitted).

The court in *Figear* rejected both of these arguments. Regarding the plaintiffs' claim of waiver, the court found that, as waiver must be "explicit, clear, and unequivocal[,]" the language of the arbitration clause did not waive defendants' right to "arbitrate any claims which might result in exemplary, punitive, multiple, or other damages of a similar nature." *Id.* At most, the court further held, "this clause limits the damages which an arbitrator might order in the event that Plaintiff was to prevail at arbitration." *Id.* The *Figear* court therefore identified the crucial distinction— operative in the instant case as well—between the first-order question of whether the Arbitration Tribunal has the authority to decide *if* penalties and fees are warranted

5

pursuant to Louisiana state law, and the second-order question of whether the tribunal has authority to order damages be paid.

With regards to the plaintiffs' second argument, the court in *Figear* noted the Fifth Circuit's instruction to decide questions of construction in favor of arbitration, citing *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 773 F.2d 633 (5th Cir. 1985), and highlighted a case from the Middle District of Louisiana identifying a nearly identical arbitration clause, *Georgetown Home Owners Association, Inc. v. Certain Underwriters at Lloyd's, London*, 2021 WL 359735 (M.D. La. Feb. 2, 2021). The plaintiff in *Georgetown* raised a similar argument as the plaintiffs in *Figear* and in the instant case—namely, that "bad-faith claims fall outside the scope of the arbitration agreement because they are 'statutory' and 'not based on the Policy . . . ." *Id.* at *15. The Middle District held that the "substance of [the plaintiff's claims] relates to the arbitration agreement" and "[w]ithout the Policy of insurance between the parties, no disputes or differences would exist." The Middle District therefore concluded that "the Arbitration Agreement conceivably covers these claims" under the broad "all matters in difference" language of the delegation clause. *Id.* The court in *Figear* agreed with that holding, as does this Court.

Accordingly, the Court will leave issues relative to the determination of whether penalties and fees are warranted pursuant to Louisiana law to the Arbitration Tribunal and stay the pending litigation before the Court.[12] The Court

---

[12] The defendants' motion requested that the Court either (1) compel arbitration and dismiss the plaintiff's claims, or (2) compel arbitration and stay the pending litigation. R. Doc. No. 5. As the Court will grant the defendants' request to compel

6

retains its authority[13] to address any such issues that may remain post arbitration and it thereby "ensure[s] that the legitimate interest in the enforcement of the [substantive Louisiana laws that apply to reinsurance agreements] has been addressed." *Safety Nat. Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714, 730–31 (5th Cir. 2009).

## II.  CONCLUSION

Considering the foregoing reasons,

**IT IS ORDERED** that the defendants' motion to compel arbitration and dismiss the plaintiff's claims against defendants in the above-captioned case, or, in the alternate, to compel arbitration and stay the above-captioned case is **DENIED in part** and **GRANTED in part**;

**IT IS FURTHER ORDERED** that defendants' motion to compel arbitration and dismiss the plaintiff's claims is **DENIED**;

**IT IS FURTHER ORDERED** that defendants' motion to compel arbitration and stay the above-captioned case is **GRANTED**;

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED**, pending a final decision by the Arbitration Tribunal;

---

arbitration and stay the case, the Court declines to dismiss the plaintiff's claims at this time.

[13] "In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration . . . (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10.

7

**IT IS FURTHER ORDERED** that, if any issues remain after a final judgment is issued by the Arbitration Tribunal, the above-captioned matter may, following a written motion by a party filed within thirty days of a final judgment of the Arbitration Tribunal, be reopened if authorized by this Court.

New Orleans, Louisiana, August 31, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**